IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00698-GCM

| | |
|---|---|
| ALICIA BRADY,<br>JON BRADY,<br><br>    **Plaintiffs,**<br><br> v.<br><br>PEGGY HEY,<br>PHILLIP GOODMAN,<br>CHARLOTTE-MECKLENBURG<br>BOARD OF EDUCATION,<br>CYNTHIA MARRERO,<br>RICHARD L. MATA,<br>PLAYSPANISH, LLC,<br><br>    **Defendants.** | **ORDER** |

**THIS MATTER** comes before the Court upon the Motion to Dismiss Plaintiffs' Amended Complaint (ECF Doc. 3), filed by Defendants Charlotte-Mecklenburg Board of Education ("CMS"), Peggy H. Hey, Phillip Goodman, and Cynthia Marrero (collectively, "Moving Defendants"). The Motion is ripe for consideration and, for the reasons stated herein, the Court hereby dismisses this action in its entirety, with certain claims to be refiled in state court should Plaintiffs so desire.

    **I.**    **BACKGROUND**

This somber case is about the alleged sexual assault of V.B., a minor child. Plaintiffs claim that Defendant Mata, who was employed by Defendant PlaySpanish, sexually assaulted V.B. while V.B. was attending a PlaySpanish afterschool program at Eastover Elementary School. In addition to making physical and sexual assault and battery claims against Defendants Mata and PlaySpanish, Plaintiffs make other claims as well. These claims include claims against CMS as

well as Defendants Hey, Goodman, and Marrero (all CMS employees) in their individual capacities. The underlying arguments against Defendants CMS, Hey, Goodman, and Marrero stem from allowing Defendant Mata and PlaySpanish access to CMS property and students, allegedly without following CMS procedures and without performing an adequate background check, even though Plaintiffs contend there were known sexual allegations and concerns about Defendant Mata's past conduct.

The causes of action that Moving Defendants seek to dismiss include:

- Third Cause of Action: Intentional/Reckless Infliction of Emotional Distress (against all defendants)

- Fourth Cause of Action: Negligent Infliction of Emotional Distress (against all defendants)

- Fifth Cause of Action: Negligence/Gross Negligence (against all defendants)

- Sixth Cause of Action: Premises Liability (against Defendants CMS and PlaySpanish)

- Ninth Cause of Action: U.S. Constitutional Violations (against Defendant CMS)

- Tenth (Alternative) Cause of Action: Violation of North Carolina Constitution (against Defendant CMS).

Moving Defendants contend that the Third, Fourth, Fifth, and Sixth Causes of Action should be dismissed as to Defendant CMS pursuant to Rules 12(b)(1) and 12(b)(2) due to governmental immunity. Moving Defendants also argue that, pursuant to Rule 12(b)(6), the Ninth and Tenth Causes of Action against CMS should be dismissed. Further, Moving Defendants argue for dismissal of the Third, Fourth, and Fifth Causes of Action as to all Moving Defendants, pursuant to Rule 12(b)(6).

The procedural history of this Motion is prolonged. Moving Defendants filed their Motion on January 14, 2020 and, after a court-granted extended deadline, Plaintiffs timely filed Plaintiffs'

Brief in Opposition to CMS Defendants' Motion to Dismiss the Amended Complaint ("Response") (ECF Doc. 8) on February 11, 2020. Moving Defendants filed their Reply (ECF Doc. 12) on February 26, 2020. Plaintiffs, with leave of the Court, filed a Surreply (ECF Doc. 16) on June 22, 2020, raising an alternative argument regarding the existence of certain law enforcement liability policies ("QBE Policies"), of which Plaintiffs were previously unaware. Defendants were granted leave to delay filing a reply to the Surreply until a coverage decision had been made as to the QBE Policies. A coverage decision was made on December 29, 2020, and Defendants timely filed a reply to Plaintiffs' Surreply on January 11, 2021. Plaintiffs filed a Notice of Supplemental Authority (ECF Doc. 24) on January 12, 2021. All matters pertaining to this Motion are now briefed, and the Court proceeds to analyze the issues set before it.

## II. STANDARD OF REVIEW

When a Rule 12(b)(1) motion challenging subject matter jurisdiction is raised, the plaintiff bears the burden of proof as to subject-matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Where a defendant contends that a complaint fails to allege sufficient facts upon which subject matter jurisdiction can be invoked, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Similarly, a plaintiff bears the burden of proving that personal jurisdiction exists in a Rule 12(b)(2) motion to dismiss. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993). Again, in a Rule 12(b)(2) motion, the court should draw all reasonable inferences and resolve all factual disputes in favor of the plaintiff. *Id.* at 60.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may also assert that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Complaints need not give "detailed factual allegations," but a plaintiff must provide more than "a formulaic recitation of the elements of a cause of action" or "labels and conclusions" to avoid dismissal under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must rise above a speculative level and complaints must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts will "accept as true" all factual allegations. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. DISCUSSION

At the outset, it is important to note that this action was timely removed from state court on December 23, 2019, and original jurisdiction is based on the federal question under Section 1983 that is contained within the Ninth Cause of Action. *See* 28 U.S.C. § 1331 (2018). The Court has supplemental jurisdiction over Plaintiffs' other state law claims. 28 U.S.C. § 1367. The Court may decline to exercise supplemental jurisdiction over other state law claims where it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). Therefore, here the Court finds it most appropriate to begin discussion with the Ninth Cause of Action so that, if the Court concludes the claim should be dismissed, the Court may use its discretion and decline to exercise supplemental jurisdiction over the remaining state claims.

#### A. Plaintiffs' Section 1983 Claim

In the Ninth Cause of Action, Plaintiff claims that the facts of this action resulted in Defendant CMS violating the United States Constitution by depriving V.B. of her rights guaranteed in the substantive due process clause of the Fourteenth Amendment. Under Section

1983, liability can be imposed on persons who cause the "deprivation of any rights, privileges, or immunities secured by the constitution." 42 U.S.C. § 1983. Such constitutional rights "include a Fourteenth Amendment substantive due process right against state actor conduct that deprives an individual of bodily integrity." *Doe v. Rosa*, 795 F.3d 429, 436–37 (4th Cir. 2015).[1] However, municipalities[2] cannot be held liable for a Section 1983 action under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, execution of the municipality's policies or customs must have caused the constitutional violation. *Id.* at 694.

A municipal policy or custom can arise: (1) through an express policy[3]; (2) through the decisions of a person with final policymaking authority; (3) through an omission on the part of a policymaking official manifesting deliberate indifference to the constitutional rights of citizens; or (4) through a practice so "persistent and widespread" and "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (quoting *Monell*, 436 U.S. at 691). Nevertheless, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Id.* "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id.* at 405.

---

[1] The Court assumes without deciding that the facts alleged here rise to the level of a constitutional deprivation of bodily integrity.
[2] For purposes of a Section 1983 claim, a board of education "is indistinguishable from a municipality." *Barrett v. Bd. of Educ*, 590 F. App'x 208, 210 (4th Cir. 2014).
[3] Plaintiffs do not argue that Defendant CMS had an express policy allowing individuals with Defendant Mata's background to use school property for after-school events, so the Court need not analyze this point.

Plaintiffs do not set forth facts supporting that a municipal policy or custom arose out of the facts surrounding the review of Defendant Mata's background and approval of Defendant PlaySpanish's use of school facilities or access to students such that Defendant CMS could be held liable under a theory of municipal liability. To the contrary, Plaintiffs plead facts indicating that the omissions by Hey, Goodman, and Marrero which Plaintiffs contend led to the alleged injuries were very much *not* in compliance with CMS policies, regulations, and procedures. Nor have Plaintiffs provided facts indicating that occurrences such as the one here were so persistent and widespread as to constitute a custom attributable to Defendant CMS. Moreover, even if such facts had been alleged, Plaintiffs would still need to establish deliberate indifference on Defendant CMS's part.

As to deliberate indifference, Plaintiffs argue that, at least in the context of screening a prospective employee, courts look to whether "adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right." *See Brown*, 520 U.S. at 411. If that standard is applicable to the present context, which the Court does not decide, Plaintiffs have not set forth sufficient facts to support that it was plainly obvious a decision to allow Defendant PlaySpanish access to school property and students would result in the injury alleged here or that such a decision was the driving force behind the alleged injury. There are insufficient facts alleged to support a claim of municipal liability against Defendant CMS under Section 1983.

### B. State-Created Danger Doctrine

Plaintiffs also argue that Defendant CMS is liable under Section 1983 pursuant to the state-created danger doctrine. The right to substantive due process does not impose upon the state an

affirmative obligation to protect the life, liberty, and property of its citizens against private actors, but if a state actor creates a danger, a duty to protect could arise. *Rosa*, 795 F.3d at 437–38. The state-created danger doctrine requires that the plaintiff "show that the state actor created or increased the risk of private danger, and did so directly through affirmative acts, not merely through inaction or omission." *Id.* at 439. Mere awareness of a specific risk is not enough to invoke the state-created danger doctrine. *Pinder v. Johnson*, 54 F.3d 1169, 1175 (4th Cir. 1995). Nor is it true that every time a state does anything that makes injury by a third party more likely, it has acted affirmatively. *Id.*

Relying on *Rosa*, Plaintiffs argue that "a Section 1983 claim arising from the municipality's own affirmative conduct in creating or increasing the danger to a victim is not subject to *Monell* but is a separate theory of recovery," though Plaintiffs provide no authority explicitly supporting this contention. ECF Doc. 8 at 11; *see also Rosa*, 795 F.3d at 436. Assuming, *arguendo*, that it is appropriate to consider the state-created danger doctrine, at most Plaintiffs have alleged facts indicating that some of Defendant CMS's employees knew of a risk involved in allowing Defendant Mata access to school facilities and students but still approved his access. But Plaintiffs fail to plead sufficient facts to trigger a duty for Defendant CMS to affirmatively protect V.B. *See, e.g.*, *Keitz v. Unnamed Sponsors of Cocaine Rsch. Study*, 829 F. Supp. 2d 374, 383–84 (W.D. Va. 2011) (summarizing numerous cases that have applied the state-created danger doctrine). In sum, while the Court reviews this Motion and acknowledges the distressing impact that facts giving rise to such an amended complaint may have on any individual's life, that does not mean that Plaintiff's amended complaint states a Section 1983 claim upon which relief may be granted. Plaintiffs' Ninth Cause of Action must be **DISMISSED.**

### C. Plaintiffs' Remaining Causes of Action

Because the Ninth Cause of Action will be dismissed, this Court determines that it should decline to retain supplemental jurisdiction over the remaining state claims. The remaining causes of action in the amended complaint will be **DISMISSED WITHOUT PREJUDICE.**

### IV. ORDER

For the reasons stated herein:

1. Plaintiffs' Ninth Cause of Action, alleging a U.S. Constitutional Violation pursuant to 42 U.S.C. § 1983, is **DISMISSED**;

2. Plaintiffs' remaining Causes of Action are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: March 31, 2021

Graham C. Mullen
United States District Judge